1

2

3                                                     The Honorable Ronald B. Leighton

4

5

6

7

8        **IN THE UNITED STATES DISTRICT COURT**
         **FOR THE WESTERN DISTRICT OF WASHINGTON**
9                           **AT TACOMA**

10

11   CURTIS PEDERSON,

12            Plaintiff,

13   v.

14                                              Case No. 3:20-CV-05216-RBL

15   NOVARTIS PHARMACEUTICALS
     CORPORATION,
16
              Defendant.
17

18

19   **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION**
     **TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE**
20                          **STATEMENT**

21          Defendant Novartis Pharmaceuticals Corporation's ("Novartis") motion is based

22   entirely on the flawed premise that to meet its pleading burden under Fed. R. Civ. P. 8(a),

23   Plaintiff must plead a precise date of injury.  Novartis contends that this is required because

24   Plaintiff has a duty to negate any potential statute of limitations defense Novartis may

25   have.  *See* Novartis' Br. in Supp. at 3-4.  The Ninth Circuit, however, has squarely rejected this

26

27   contention, holding that a plaintiff is not required to plead facts negating affirmative defenses,

28                                              1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

including statute of limitations defenses. *See U.S. v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993). Novartis' motion is therefore meritless and should be denied in full.

**FACTS**

This is a products liability action brought by Plaintiff Curtis Pederson against Novartis for injuries he sustained as a result of taking Novartis' drug, Tasigna—a tyrosine kinase inhibitor used to treat Chronic Myelogenous Leukemia ("CML"). *See* Compl. at ¶¶ 1-3. Plaintiff alleges that despite dire warnings from multiple health authorities—including Novartis' own clinical investigators—Novartis concealed known risks of severe, accelerated, and irreversible atherosclerotic-related conditions associated with Tasigna, and that, as a result, Plaintiff suffered from rapidly progressing, system-wide, atherosclerotic-related complications, including, severe coronary artery disease, multiple cerebellar strokes, cerebrovascular disease, severe stenosis of his carotid artery, and rapidly progressing peripheral vascular disease. Plaintiff further alleges that these conditions have required several procedures to address, including, a popliteal angioplasty, femoral popliteal bypass surgery, third-order catheterization, and multiple procedures to treat the wounds associated with his lower extremity surgeries. *Id.* at ¶¶ 28-36, 49-51.

The Complaint alleges, in detail, Novartis' aggressive and improper marketing tactics and its knowledge, concealment, and intentional failure to warn of the atherosclerotic risks associated with the drug. *Id.* at 19-48. It also pleads facts specific to Plaintiff and his injury, including: (1) Plaintiff's CML diagnoses—alleging that Plaintiff was diagnosed in 2009; (2) Plaintiff's Tasigna usage—alleging that Plaintiff took the drug from August 2013 to January 2016; and (3) Plaintiff's injuries— detailed above. *Id.* at ¶¶ 49-50.

2

1

**ARGUMENT**

2

Federal Rule of Civil Procedure 8(a) provides that a complaint "must contain…a short

3

and plain statement of the claim showing that the pleader is entitled to relief."  To survive a

4

motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state

5

a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A "claim

6

has facial plausibility when the plaintiff pleads factual content that allows the court to draw

7

the reasonable inferences that the defendant is liable for the misconduct alleged."  *Id.*  A court

8

must accept as true all factual allegations, but threadbare recitals to the elements of a cause of

9

action, supported by mere conclusory statements, do not suffice.  *Id.*  Dismissal is appropriate

10

"only if it is clear that no relief could be granted under any set of facts that could be proved

11

consistent with the allegations." *Newman v. Universal Pictures,* 813 F.2d 1519, 1521-22 (9th

12

Cir.1987).

13

Here, Novartis does not, and cannot, argue that Plaintiff's 91-paragraph Complaint—

14

detailing Novartis' misconduct, Plaintiff's usage of Tasigna, and the injuries Plaintiff sustained

15

as a result—fails to plausibly allege a cause of action for strict products liability and

16

negligence.  Instead, Novartis argues that Plaintiff's Complaint should be dismissed because

17

Plaintiff has a duty to plead a specific date of injury and negate any potential statute of

18

limitations defense Novartis may have.  This is incorrect.

19

A statute of limitations bar is an affirmative defense and plaintiffs are not required to

20

negate affirmative defenses in their complaint. *McGee*, 993 F.2d 184 at 187.  Thus, at the Rule

21

12(b)(6) stage, a district court may dismiss a claim on a statute of limitations defense "only

22

when the running of the statute is apparent on the face of the complaint." *Chubb Custom Ins.*

23

*Co. v. Space Sys.,* 710 F.3d 946, 974 (9th Cir.2013)

24

25

26

27

28

3

1

2          Washington District Courts have rejected near identical arguments that a plaintiff must

3   plead a specific date to establish that a claim is not time barred.  *See Anderson v. Teck Metals,*

4   *Ltd.,* No. CV–13–420, 2015 WL 59100 (E.D. Wash. 2015). In *Anderson* the defendant argued

5   that the plaintiff was required to allege a specific date of discovery. *Id.* at *2 The *Anderson*

6   Court rejected this argument, holding that:

7
                 [w]hile the factual allegations in the Amended Complaint here do
8                not point to a specific date of discovery for any of the named
                 Plaintiffs, this is not critical so long as the allegations are sufficient
9                to establish a potential defense to the statute of limitations. Plaintiffs
                 are not required to allege, as maintained by Teck, what previously
10               unknown facts came to each individual's attention, when the facts
                 were discovered, and how these facts supplied knowledge of
11               elements of their claims that were previously unknown

12  *Id.* (internal quotations omitted).

13
            In addition to *Anderson*, courts in this circuit have consistently rejected a defendant's
14
    attempt to shift the burden of pleading statute of limitations defenses to the plaintiff. *See e.g.*
15
    *Renteria v. Nationwide Credit, Inc.*, No. 09cv1195, 2009 WL 2754988 (S.D. Cal. 2009)
16
    (rejecting defendants' assertion that plaintiff must identify specific dates of violations and
17
    stating "[d]efendant's recourse is to conduct discovery on the matter and bring a motion for
18
    summary judgment if it turns out that Plaintiff's claims are time-barred."); *Renfrow v. BDP*
19
    *Innovative Chemicals Company*,  No. CV-14-01183, 2015 WL 13036933 (D. Ariz. 2015)
20
    (declining to dismiss counterclaim for failing to include specific dates and stating "ambiguity
21
    relating to the timing…can be clarified through discovery."); *Martinez v. Folsom Broadstone,*
22
    *Inc.*, No. Civ.S03–1895, 2004 WL 4908878 (E.D. Cal. 2004) (denying defendant's request to
23
    dismiss for failure to state a specific date of injury, reasoning "there is a possibility that plaintiff
24

25

26

27

28                                                   4

1    can prove facts establishing the timeliness of his claim. Accordingly, dismissal is not

2    appropriate at this time.").

3
     Applying the above law to this case, it is clear that Plaintiff has no duty to negate a
4
     statute of limitations defense and Novartis' motion must be denied.  Novartis' entire premise
5
     that "Plaintiff's pleading burden includes the burden to prove facts related to threshold
6
7    defenses—including statute of limitations defenses" (Novartis Br. in Supp, at p. 3), is in direct

8    conflict with established authority from this Circuit.

9
     Novartis, of course, did not cite to this dispositive authority in its brief, citing instead
10
     to non-circuit district court authority involving facts not even remotely close to the ones here.
11
     It is inconceivable, that in its expansive research effort to find some semblance of authority
12
13   supporting its position, Novartis did not discover the dispositive circuit authority rejecting its

14   position.  Novartis nevertheless brought this motion, failing to apprise the Court of these cases.

15
     Novartis claims it knows the date of the alleged injury, which Novartis contends
16
     occurred in March 2015, attaching an unauthenticated medical record in support of its
17
     contention.  This extraneous evidence does not support Novartis' position.  Aside from the fact
18
19   that this evidence is outside of the pleadings and cannot be considered on a motion to dismiss

20   (*see Lee v. City of L.A.,* 250 F.3d 668, 688 (9th Cir. 2001)), Novartis neglects to inform the

21
     Court that the parties entered into a multi-year tolling agreement, of which Plaintiff was a
22
23   party, in an attempt to resolve Plaintiff's claim prior to filing this suit.

24   Further, even without a tolling agreement, a date of injury outside of the statute of

25   limitations in itself does not establish a statute of limitations defense.  Under Washington law,

26   the cause of action does not accrue in a products liability case until "the claimant discovered
27
     or in the exercise of due diligence should have discovered the harm *and its cause*." WA Rev.
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Code. Ann. 7.72.060 (emphasis added); *see also Stark v. Celotex Corp.*, 58 Wash. App. 940 (Wash. Ct. App. 1990).

Thus, no matter when Plaintiff's injury or injuries occurred, the dispositive issue turns on when Plaintiff made or should have made a causal connection between his injuries and Tasigna. This is a question of fact for the jury, which Novartis has the burden of proving.  It is for this very reason that courts do not require plaintiffs to plead a specific date of injury and deny motions to dismiss based on statute of limitations defenses.  *See id.* at 943 (stating that "[t]he point at which a plaintiff discovers or should have discovered that he or she is harmed and its cause is a question of fact for the jury to decide."); *Moodie v. Remington Arms Company*, 2013 WL 12191352, *7 (W.D. Wash. 2013) (stating the date plaintiff discovered a defect in the product at issue was "a question of fact the Court cannot decide on a motion to dismiss"); *PTP OneClick, LLC v. Avalara, Inc.*, 413 F.Supp.3d 1050, 1066 (W.D. Wash. 2019) (declining to dismiss complaint on statute of limitations grounds where the facts necessary to determine the applicability of the discovery rule did not clearly appear on the face of the complaint).

Novartis' alternate request for more definite statement under Fed. R. Civ. P. 12(e) is also meritless.  That rule provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R Civ. P. 12(3).  As courts in this Circuit have held, Rule 12(e) should not be used as a means to flesh out a defendant's potential statute of limitations defense. *See Osorio v. Tran*, 2008 WL 4963064, *2 (N.D. Cal. 2008) ("in this circuit and district, defendants cannot use Rule 12(e) motions to force plaintiffs to allege specific dates, even to determine the applicability of a possible statute of limitations defense").

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Thus, courts regularly deny requests for more definite statements regarding dates of injury, especially where, as here, the date of injury is not dispositive of the statute of limitations issue and is obtainable through discovery. *See id.* at \*2 ("Such motions are viewed with disfavor, and are rarely granted because of the lenient pleading standard of Rule 8(a), which requires only a short and plain statement of the claim. Moreover, if the detail sought by a motion for more definite statement is obtainable through the discovery process, the motion should be denied") (internal quotations omitted).

Here, as the defendant in *Osorio*, Novartis is improperly attempting to use Rule 12(e) as a means to establish a statute of limitations defense that can only be resolved through discovery and determination by a jury. Further, Novartis effectively concedes in its brief that a more definite statement is unnecessary because it claims it already knows the precise date of Plaintiff's injury. Novartis Br. in Supp., at p. 5 ("Plaintiff and his counsel, however, know the date of the alleged injury. So does [Novartis]."). Novartis points to nothing in Plaintiff's pleadings that is "so vague and ambiguous that [Novartis] cannot properly prepare a response" (Fed. R. Civ. P. 12(e)), and its motion should be denied.

## **CONCLUSION**

For these reasons, Novartis' motion should be denied in full.

Dated: May 4, 2020                    Respectfully Submitted,

*/s/ Raymond C. Silverman*
Raymond C. Silverman (*Pro Hac Vice*)
**PARKER WAICHMAN LLP**
6 Harbor Park Dr.
Port Washington, NY 11050
Telephone: (516) 466-6500
Facsimile: (516) 466-6665
rsilverman@yourlawyer.com

7

1

2   Brad J. Moore, WSBA #21802
    **STRITMATTER KESSLER KOEHLER MOORE**
3   3500 15th Ave. W. #300
    Seattle, WA 98119
4   T: (206) 448-1777
    brad@stritmatter.com
5

6   *Attorneys for Plaintiffs*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                              8

**CERTIFICATE OF SERVICE**

I certify that on this 4th day of May 2020, I electronically filed the foregoing Plaintiff's

Memorandum in Opposition to Defendant's Motion to Dismiss or, in the Alternative, Motion

for More Definite Statement, with the Clerk of the Court by using the CM/ECF system, which

caused the following counsel to be served by electric means as more fully reflected on the

Notice of Electronic Filing:

Jennifer L. Campbell
**SCHWABE, WILLIAMSON & WYATT, P.C**
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
jcampbell@schwabe.com

Robert E. Johnston, Esq.
Donald R. McMinn, Esq.
Andrew L. Reissaus, Esq.
**HOLLINGSWORTH LLP**
1350 I Street Northwest
Washington, District of Columbia 20005
(202) 898-5800
RJohnston@Hollingsworthllp.com
DMcminn@Hollingsworthllp.com
AReissaus@Hollingsworthllp.com

*Attorneys for Defendant Novartis*
*Pharmaceuticals Corporation*

*/s/ Raymond C. Silverman_____*
Raymond C. Silverman