THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CURTIS PEDERSON,<br><br>    Plaintiff,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>    Defendant. | Case No. 3:20-CV-05216-RBL<br><br>**DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**<br><br>**NOTE ON MOTION CALENDAR: MAY 8, 2020** |

In his opposition (ECF No. 20), plaintiff argues that he is not required to plead the date on which his alleged injury was diagnosed, even though he knows the date, and that he should be allowed to delay resolution of the obvious statute of limitations issue in this case by burdening the Court and Novartis Pharmaceuticals Corporation ("NPC") with substantial discovery. Plaintiff's opposition also raises an irrelevant substantive and merits-based argument on the statute of limitations – irrelevant because NPC's motion does not seek dismissal based on any statute of limitations defense but only a dismissal for failure to plead the facts central to his case under Supreme Court precedent. Plaintiff's opposition seeks to distract the Court from the fact that he artfully avoided pleading a known, uncontroverted, and central fact that is a necessary element of his claims – when he was diagnosed with his first stroke.

The Supreme Court has emphasized that Rule 12(b)(6) should be utilized early in

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT-
CASE NO. 3:20-CV-05216-RBL - 1
PDX\119685\163329\JCA\27922660.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

litigation to identify deficient claims: "Where the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal quotation omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) authorizes the early dismissal of claims based on dispositive issues of law. *See Neitzke v. Williams*, 490 U.S. 319, 326 (1989). "This procedure, operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding." *Id.* at 326-27. The relief NPC seeks – to have plaintiff plead the date he first was diagnosed with his injury – is consistent with the Supreme Court's direction to expose basic deficiencies as early as possible to avoid wasting the court's and parties' resources.[1]

Plaintiff concedes that his alleged injuries are among those specific facts that must be pleaded:

> [The Complaint] also pleads facts specific to Plaintiff and his injury, including: (1) Plaintiff's CML diagnoses – alleging that Plaintiff was diagnosed in 2009; (2) Plaintiff's Tasigna usage – alleging that Plaintiff took the drug from August 2013 to 2016; and (3) Plaintiff's injuries – detailed above.

Opp'n 2 (ECF No. 20). Tellingly, Plaintiff provides dates for two of the three facts (the date of CML diagnosis and dates of Tasigna® use), but deliberately omits the date of diagnosis of the alleged injury, even though – as plaintiff points out – the Complaint provides a detailed

---

[1] Plaintiff contends that *U.S. v. McGee*, 993 F.2d 184, 187 (9th Cir.) absolves a plaintiff from having to plead basic facts if they pertain to the statute of limitations. Opp'n 1-2. But unlike here, the plaintiff in *McGee* sought and obtained leave to amend the complaint to plead facts that would establish the claim was not time barred. 993 F.2d at 187. *McGee* thus involved a plaintiff who affirmatively provided the type of information NPC seeks in this motion, the very opposite of what plaintiff here seeks to do.

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT- CASE NO. 3:20-CV-05216-RBL - 2
PDX\119685\163329\JCA\27922660.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

description of the alleged injury in this case. *Id*. Nowhere in plaintiff's opposition, however, is any statement that the date of diagnosis of the alleged injury is not March 2015[2] – more than five years before this suit was initiated. Because the Washington statute of limitations applicable to this claim expires three years after accrual, that five-year gap, if pleaded, would give rise to an obvious motion to dismiss based on the statute of limitations. *See* Mot. at 4-5 (ECF No. 10). By not pleading that date, plaintiff seeks to avoid engaging that potentially dispositive issue at the outset of this case.

After showing he could have pleaded when he received his stroke diagnosis, plaintiff contends that he is not required to do so because "no matter when Plaintiff's injury or injuries occurred, the dispositive issue turns on when Plaintiff made or should have made a causal connection between his injuries and Tasigna." Opp'n 6. NPC has not asked the Court to require plaintiff to plead a legal conclusion – the date his claim accrued under Washington law's discovery rule.[3] NPC's motion does not ask for a *substantive* decision. NPC has moved to cure a pleading defect in order to address the threshold issue of the statute of limitations in this case at an early stage. Plaintiff acknowledges – in fact, he affirmatively cites – a Ninth Circuit holding that motions to dismiss based on the statute of limitations are appropriately granted when the dates given in a complaint make it apparent that the limitations period has run. *See* Opp'n 3 (citing *Chubb Custom Ins. Co. v. Space Sys., Inc.*, 710 F.3d 946, 974 (9th Cir. 2013)

---

[2] Plaintiff argues that NPC's inclusion of medical records demonstrating the date of diagnosis of the injury as an exhibit to its motion was improper. Opp'n 5. NPC included the record simply to alert the Court to the fact that the plaintiff is plainly aware of the date of the initial stroke diagnosis and has in his possession documentary evidence establishing that date. NPC's request for relief here – dismissal for failing to state a claim on which relief can be granted or a required amendment under Rule 12(e) – does not rely on that document. Accordingly, there is no issue of extrinsic evidence presented on this procedural posture. *See Swedberg v. Marotzke*, 339 F.3d 1139, 1143 (9th Cir. 2003) (motion to dismiss not automatically converted to a motion for summary judgment when materials are attached to motion).

[3] Had plaintiff included an allegation of the date of initial diagnosis in his initial complaint, NPC would have asked the Court to consider whether the pleaded facts are sufficient as a matter of law to establish that the claim is barred by the statute of limitations. NPC expects to do so if plaintiff is required to replead and allege the date of diagnosis.

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT- CASE NO. 3:20-CV-05216-RBL - 3
PDX\119685\163329\JCA\27922660.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

(affirming statute of limitations dismissal at the motions to dismiss phase)). *See also Pattison v. Omnitrition Int'l, Inc.,* No. C17-1454JLR, 2018 WL 2984820, at *7 (W.D. Wash. June 14, 2018) (granting motion to dismiss claims with prejudice as time-barred); *Stephenson v. First Am. Title Ins. Co.*, No. C13-1150 RSM, 2014 WL 2894692, at *4 (W.D. Wash. June 25, 2014) (same). That is why plaintiff opposes the simple relief that NPC seeks.

While it may be "relatively rare" that the facts necessary to determine the applicability of the discovery rule will appear on the face of the complaint, as plaintiff contends, [4] once it is in a proper procedural posture, this case may be one of those "relatively rare" cases. That is why plaintiff vehemently opposes the simple pleading relief that NPC seeks. The discovery rule does not save plaintiff's claim, as all the elements were met at the time of the stroke diagnosis in March 2015 – more than three years before the filing of this case.[5] Plaintiff's strokes are a cognizable injury, an injury that cannot be considered latent, which triggers the running of the statute of limitations, even if the full extent of his alleged damages were not realized at that time. *Louisiana-Pac. Corp. v. ASARCO Inc.*, 24 F.3d 1565, 1580–81 (9th Cir.

---

[4] *E.g., Anderson v. Teck Metals, Ltd.*, No. CV–13–420-LRS, 2015 WL 59100, at *2 (E.D. Wash. 2015) (noting there are "relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint"). Plaintiff's secondary reliance on three other unpublished and distinguishable district court opinions does not alter the analysis. *See Renfrow v. BDP Innovative Chemicals Company*, No. CV-14-01183-PHX-GMS, 2015 WL 13036933, at *1 (D. Ariz. 2015) (recognizing split in rulings on whether Rule 12(e) requires a more definite statement where plaintiffs fail to state specific dates in their claims); *Renteria v. Nationwide Credit, Inc.*, No. 09cv1195, 2009 WL 2754988, at *2 (S.D. Cal. 2009) (assessing whether plaintiffs' claims under two federal debt collection statutes triggered Rule 9(b) heightened pleading standards for fraud claims); *Martinez v. Folsom Broadstone, Inc.*, No. Civ.S03–1895, 2004 WL 4908878, at *1 (E.D. Cal. 2004) (declining, in a single page opinion, to require a plaintiff asserting claims under the Americans with Disabilities Act to plead the specific dates he visited a particular Starbucks location).

[5] Plaintiff's opposition also claims NPC "neglect[ed] to inform the Court" that there is a tolling agreement, implying that the agreement somehow preserves his claim. *See* Opp'n 5. Plaintiff offers no analysis of the agreement and fails to provide the agreement to the Court even though he erroneously identifies the agreement as relevant. The agreement is not relevant now because NPC's motion seeks only to cure a pleading defect. When the time comes to address plaintiff's stale claim, the agreement will not help him. The agreement states that it does not revive stale claims and that three-year statute for plaintiff's March 2015 stroke expired by March 2018, many months before the agreement's effective date (August 14, 2018 for Mr. Pederson).

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT- CASE NO. 3:20-CV-05216-RBL - 4
PDX\119685\163329\JCA\27922660.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

1994), *as amended* (Aug. 30, 1994) (under Washington law, the "statute of limitations [on products liability claim] begins to run when claimant first discovers, or should have discovered, some damage, not necessarily the full extent of the damage"). The complaint concedes that Tasigna®'s labeling specifically warned of the occurrence of strokes ("ischemic cerebrovascular events") in patients treated with the cancer medicine more than six years prior to the filing of the complaint (and more than a year prior to his March 2015 stroke diagnosis). Compl. ¶ 40 (quoting Tasigna®'s January 2014 Warning & Precautions section). Although NPC's current motion does not seek substantive relief on its statute of limitations defense, the Tasigna® labeling itself, as set forth in plaintiff's complaint, provides sufficient information that was available to plaintiff at the unpleaded date of his stroke diagnosis to put a reasonable plaintiff on notice that Tasigna® could be a potential cause of his alleged injury. *See Holbrook, Inc. v. Link-Belt Const. Equip. Co.*, 103 Wn. App. 279, 292, 12 P.3d 638, 645 (2000) (waiting for confirmation of a believed cause of injury does not toll the running of the three-year limitations period). Should plaintiff plead the date of his stroke, it will be apparent that this is one of the "relatively rare" cases that can be dismissed on the pleadings.

The cases plaintiff cites in support of his position, as addressed in footnote 4 above, are not pertinent on these facts. Unlike the defendant in *Anderson*, NPC does not seek to impose any additional or heightened pleading burden on plaintiff with regard to the discovery rule. The defendant there argued plaintiffs had a burden to plead facts to show that the discovery rule tolled each plaintiff's claim: specifically "what previously unknown facts came to each individual's attention, when the facts were discovered, and how these facts supplied knowledge of elements of their claims that were previously unknown." *See* Opp'n 4 (quoting *Anderson,* 2015 WL 59100, at *2). Here, NPC seeks only the date of initial diagnosis of strokes. NPC does not ask for plaintiff to plead facts regarding the applicability of discovery rule. NPC only asks that the Court not countenance plaintiff deliberately not pleading the date of diagnosis for the purpose of avoiding an early resolution of the statute of limitations defense.

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT- CASE NO. 3:20-CV-05216-RBL - 5
PDX\119685\163329\JCA\27922660.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

Even if NPC is not entitled to dismissal of plaintiff's claim outright by virtue of the failure to plead the date of the initial diagnosis of strokes, this Court may and should require plaintiff to amend his complaint to add that date so that the statute of limitations issue may be squarely addressed at the outset of this case. As this Court held in *McGary v. Inslee,* Rule 12(e) is an appropriate tool to obtain pleading of dates where the defendant "point[s] out the defects complained of and the details desired." No. 315CV05840RBLDWC, 2016 WL 827171, at *1 (W.D. Wash. Mar. 3, 2016).[6] In that case, the Court required the plaintiff to file an amended complaint that "include[d] the dates of the alleged violations." *Id.* at *3. *See also Rodriguez v. Prudential Ins. Co. of Am.*, No. 3:18-CV-5674-RBL, 2019 WL 1040406, at *4 (W.D. Wash. Mar. 5, 2019) (ordering, pursuant to Rule 12(e), more definite pleading including of *dates* of denial letters); *Miller v. Sawant*, No. C18-506 MJP, 2018 WL 4538935, at *2 (W.D. Wash. Sept. 21, 2018) (ordering, pursuant to Rule 12(e), pleading of "basic information" including *when* statements were made). Plaintiff's reliance on the unreported Northern District of California opinion in *Osario* is misplaced, Opp'n 6, as the case relied on pre-*Twombly*/*Iqbal* authority that was rooted in a different and more relaxed pleading standard. *Osorio v. Tran*, No. CV 08-4007 HRL, 2008 WL 4963064, at *2 (N.D. Cal. Nov. 19, 2008). Moreover, the plaintiffs in *Osorio* contended that they needed discovery from a defendant to be able to accurately plead specific dates of employment. *Id.* Here, plaintiff has not alleged *any* relevant diagnosis date, the single date sought is relevant to determining accrual, and the missing date is both known and uncontested by plaintiff. Rule 12(e) is an appropriate way to require plaintiff

---

[6] Plaintiff cites, on page 4 of his opposition, a district court opinion acknowledging that "Courts are divided in their rulings regarding whether parties' failure to state specific dates in their claims requires a more definite statement under Rule 12(e)" and have "much discretion to grant or deny motions for more definite statements." *Renfrow v. BDP Innovative Chemicals Company*, No. CV-14-01183, 2015 WL 13036933, at *1 (D. Ariz. 2015) *(citing, for example, Wood v. Apodaca*, 375 F. Supp. 2d 942, 950 (N.D. Cal. 2005) ("Without knowing when Plaintiff claims to have discovered Defendants' unauthorized use [of her trademark], Defendants cannot ascertain whether the claims [for breach of a rescission agreement] are timely.").

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT- CASE NO. 3:20-CV-05216-RBL - 6
PDX\119685\163329\JCA\27922660.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

to plead a known fact that is basic, essential, and undisputed to the claims he asserts.

For the foregoing reasons, this Court should grant NPC's Motion to Dismiss or, in the alternative, Motion for More Definite Statement.

Dated this 8th day of May, 2020.

SCHWABE, WILLIAMSON & WYATT, P.C.

By: /s/ Jennifer L. Campbell
Jennifer L. Campbell, WSBA #31703
Email: jcampbell@schwabe.com
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
*Attorneys for Defendant,
Novartis Pharmaceuticals Corporation*

HOLLINGSWORTH LLP

By: /s/ Robert E. Johnston
By: /s/ Donald R. McMinn
By: /s/ Andrew L. Reissaus
Robert E. Johnston, Bar #447475
Email RJohnston@hollingsworthllp.com
Donald R. McMinn, Bar #426894
Email: DMcMinn@hollingsworthllp.com
Andrew L. Reissaus, Bar #999036
Email: ARessaus@hollingsworthllp.com
1350 I Street, N.W.
Washington, D.C. 20005
*Attorneys Admitted Pro Hac Vice for
Defendant Novartis Pharmaceuticals
Corporation*

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT- CASE NO. 3:20-CV-05216-RBL - 7

PDX\119685\163329\JCA\27922660.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

# CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury, under the laws of the State of Washington, that the following is true and correct:

That on the 8th day of May, 2020, I arranged for service of the foregoing **DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT** to the parties to this action via the Court's CM/ECF system as follows:

| | |
|---|---|
| Brad J. Moore, WSBA #21802<br>Email: brad@stritmatter.com<br>STRITMATTER KESSLER WHELAN KOEHLER MOORE<br>3600 15TH Ave., W., Ste. 300<br>Seattle, WA 98119<br>Phone: (206) 448-1777<br><br>*Attorneys for Plaintiff* | Raymond C. Silverman<br>Email: rsilverman@yourlawyer.com<br>PARKER WAICHMAN LLP<br>6 Harbor Park Dr.<br>Port Washington, NY 11050<br>Phone: (516) 466-6500<br><br>*Attorney Admitted Pro Hac Vice for Plaintiff* |

Robert E. Johnston, Bar #447475
Email: RJohnston@hollingsworthllp.com
Andrew L. Reissaus, Bar #999036
Email: ARessaus@hollingsworthllp.com
Donald R. McMinn, Bar #426894
Email: DMcMinn@hollingsworthllp.com
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, D.C. 20005
Phone: (202) 898-5855

*Attorneys Admitted Pro Hac Vice for Defendant Novartis Pharmaceuticals Corporation*

CERTIFICATE OF SERVICE - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206-622-1711

PDX\119685\163329\JCA\27922660.1

/s/ Jennifer L. Campbell
Jennifer L. Campbell, WSBA #31703

CERTIFICATE OF SERVICE - 2

...
SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206-622-1711

PDX\119685\163329\JCA\27922660.1